[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' PROCEEDING FOR TERMINATION OFPARENTAL RIGHTS
On August 23, 1996, The Commissioner of the Department of Children and Families (Commissioner or DCF) filed separate petitions for termination of the parental rights of respondent Cheryl L, as to her child Shaunise, now age 3, and as to her child Roger L., now age 4. Shaunise and Roger were adjudicated neglected on April 27, 1995, and have been committed to the custody of the Commissioner. On February 19, 1997, the Commissioner filed a petition to terminate the parental rights of respondent Cheryl L as to her minor child Johnisia O., who was born on February 5, 1996. On September 17, 1996, after finding that respondent Cheryl L. left an in-patient drug-treatment center and was using cocaine, the Court confirmed an order CT Page 11214 allowing the Commissioner to have custody of Johnisia. Johnisia has remained in the Commissioner's custody. On February 4, 1997 Johnisia was adjudicated as a neglected child. On February 19, 1997, the Commissioner filed a petition to terminate parental rights as to Johnisia. The court consolidated the petitions for trial.
The Fathers
Although mother Cheryl named John O. as the father of Johnisia, a judgment from the Family Division of the Superior Court determined that he is not her father. The father of Roger L. is unknown. A Mr. Shawn C. of New Haven, Connecticut was named as the father of Shaunise. However, the sheriff was unable to effect service of the petition upon him. Thereafter served by publication, Mr. Shawn C. has never been in contact with the Commissioner in order to inquire as to the welfare of Shaunise L. Nevertheless, a default against Mr. Shawn C. accompanied the adjudication of neglect as to his putative child, Shaunise.
Grounds of the Petitions to Terminate Parental Rights
The petitions for termination of parental rights are predicated upon the following grounds: 1) failure to rehabilitate; 2) abandonment; 3) commission/omission; and 4) no on-going parent/child relationship. These grounds will be addressed seriatum.
A. ADJUDICATORY FINDINGS
I. Failure to rehabilitate
Inasmuch as the first ground of failure to rehabilitate presupposes the articulation of some expectations, the court must review the context in which the expectations were fashioned, as well as the expectations themselves. Thus, it is important to note that the Superior Court on April 27, 1995, acting on a Neglect Petition filed by DCF adjudicated Shaunice L. and Roger L. as neglected. Furthermore, the court on that day committed these children to the custody of DCF for an eighteen month period. The Commissioner informed the mother of the conditions which should be met for the purpose of facilitating the ending the commitment, as well as facilitating the return of legal custody to the parents. Those conditions were, interalia, as follows: a) mother must seek and complete substance CT Page 11215 abuse treatment; b) mother must maintain consistent visitation with her children; c) mother must keep her whereabouts known to DCF; d) mother must demonstrate that she is responsible and able to meet her children's needs.
A review of respondent Cheryl L.'s compliance with the aforesaid conditions follows.
a. Complete Substance Abuse Treatment
The evidence presented establishes that mother Cheryl L. has a long and extensive history of being addicted in a substantial way to crack cocaine, and that the Commissioner referred her to numerous out-patient and in-patient drug treatment programs. The Commissioner's evidence also established that respondent mother exited the last in-patient program to which she was referred — Amethyst House without completing her drug treatment.
b. Maintain consistent Visitation with Children
The evidence presented by the Commissioner through the testimony of her social worker, Ms. Kathy Marotta, and through the visitation logs introduced as exhibits, clearly demonstrates that mother Cheryl L. was offered significant visitations with her children. The evidence establishes further that although mother Cheryl L. visited the children on some occasions, she often cancelled visits and/or did not show up for others. The evidence is clear and convincing that mother Cheryl L has not maintained consistent visitation with the children.
c. Keep Whereabouts known to DCF
The evidence presented verifies that the mother Cheryl L. did not keep her whereabouts known to DCF on a consistent basis. Moreover, on one occasion Mother Cheryl L. informed DCF that she would not keep DCF aware of her whereabouts. From the foregoing the court finds by clear and convincing evidence that mother Cheryl L. is the parent of children who have been found by the Superior Court to have been neglected in prior proceedings, and that she has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the ages of the children, she could assume a responsible position in their lives.
2. Abandonment
CT Page 11216
The standard for abandonment is whether the children have been abandoned by the parents in the sense that the parents have failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the children. The court finds that the Commissioner has proved by clear and convincing evidence that for more than one year the mother of these children has abandoned them through a) her behavior of sporadic and inconsistent visitation, b) her inability to provide a home for the children; and c) her distancing herself from DCF and her children by stating at one point that she did not want DCF to know where she could be found. The court further finds by clear and convincing evidence that the children's fathers have not been involved in any manner in their lives.
 3. The Children have been denied by Parental Commission or Omission, the Care, Guidance or Control necessary for their well-being
Mother Cheryl L. has demonstrated that she has not provided the care, guidance, or control necessary for the well-being of the children in this matter in that she admits to using drugs, and she has not completed out-patient or in-patient treatment for her addiction to drugs. Furthermore, she has not visited with her children on a consistent basis, nor has she prepared a home or made any realistic plans for them. The court finds that the Commissioner has proved by clear and convincing evidence that the children have been denied by parental commission or omission the care, guidance and control necessary for their well-being.
4. No on-going Parent/Child Relationship
Roger and Shaunise have been in the custody of the Commissioner for well over two years. The Commissioner has placed them in foster care with a lady whom these children call "mom." Johnisia, born cocaine-addicted, was removed from mother Cheryl L.'s care at three (3) months of age. Mother Cheryl L.'s limited visitation with all of these children has in substantial part aborted the development of an on-going parent/child relationship. Accordingly, the court finds by a clear and convincing standard of evidence that there is no on-going parent/child relationship.
The court finds that the Commissioner has established by evidence clear and convincing that termination of parental rights is in the best interest of the minor children in this case. CT Page 11217 Accordingly, the parents' parental rights are hereby terminated.
The dispositional findings shall be filed forthwithly.
Clarance J. Jones, Judge